Argued and submitted March 3, 1992, decision of Court of Appeals and order of
circuit court affirmed in part and reversed in part March 23, 1993

CLACKAMAS TOWN CENTER ASSOCIATES,
and Hahn Property Management Corporation,
a corporation,
*Respondents on Review,*

*v.*

Donna WOLF,
Lloyd Marbet,
Forelaws on Board/Don't Waste Oregon,
and John Does 1 to 100,
*Petitioners on Review.*

(CC 88-3-352; CA A61885; SC S38154)

849 P2d 477

Gregory Kafoury, Portland, argued the cause and filed the petition for petitioners on review.

Lee Aronson, of Schulte, Anderson, DeFrancq, Downes & Carter, P.C., Portland, argued the cause and filed the response for respondents on review.

Mark A. Anderson, Portland, filed a brief for *amicus curiae* ACLU Foundation of Oregon.

Before Carson, Chief Justice, and Peterson, Gillette, Van Hoomissen, Fadeley, and Unis, Justices, and Tongue, retired Justice, pro tempore.

TONGUE, retired Justice, pro tempore

Gillette, J., dissented and filed an opinion in which Carson, C. J., and Peterson, J., joined.

## TONGUE, retired Justice, pro tempore

This is a companion case to *Lloyd Corporation v. Whiffen*, 315 Or 500, 849 P2d 446 (1993) (*Whiffen II*), also decided this date. In *Whiffen II*, this court held that

"persons seeking signatures on initiative petitions in the common areas of the Lloyd Center have a constitutional right to do so under Article IV, section 1, of the Oregon Constitution, subject to reasonable time, place and manner restrictions." *Id.* at 503.

In this case, defendants appealed to the Court of Appeals from the terms of a circuit court injunction that approved rules adopted by Clackamas Town Center, a large shopping center similar to the Lloyd Center. These rules restricted the number of persons who could seek signatures on initiative petitions to a maximum of eight persons at a time, with not more than two persons in each of four designated areas, and required that those persons stay within five feet of any tables they provided at such locations or, if no tables were provided, within the boundaries of each designated area.[1]

The Court of Appeals affirmed all provisions of the circuit court injunction, *Clackamas Town Center Assoc. v. Wolf*, 105 Or App 593, 806 P2d 146 (1991), concluding that:

"The evidence supports imposition of the restrictions. Although they limit defendants' ability to gather signatures, they are reasonable, because they do not unduly limit defendants' opportunities to carry out the initiative process; that is, they do not confine defendants to little traveled areas of the mall nor limit soliciting to times when few people are present. Additionally, they are reasonably related to preventing substantial interference with the business concerns of Center. The trial court did not err in granting the injunction." *Id.* at 598.

This court allowed defendants' petition for review.

---

[1] Apparently it is common for petitioners to use tables, on which initiative petitions may be placed for the signing of signatures. However, it also is common for experienced petitioners to object to being tied to a table so that they cannot approach people to determine if they are registered voters and, thus, are eligible to sign petitions.

■     Defendants argue that two of Clackamas Town Center's rules are not reasonable time, place, and manner restrictions and ask that they be stricken from the injunction. The challenged rules provide in part:

"4.    The number of applicants who may engage in political petitioning on Center property at a particular time shall be limited to a maximum of two (2) persons in each area designated on Exhibit A. * * *

"* * * * *

"12.    While engaging in petitioning activity, each applicant must stay within the area assigned by Center management and shown on Exhibit A. If a table is being used, the applicant must stay within five (5) feet of the table at all times in order to minimize interference with traffic flow. If no table is being used, the applicant must remain within the boundaries shown on Exhibit A for the area designated. * * *"

In *Whiffen II, supra*, this court held that a Lloyd Center rule limiting the number of petitioners to one in each designated common area was not a reasonable time, place, and manner restriction. In that case, the defendants were free to seek signatures on initiative petitions at any place within each of three designated common areas and were not required to stay within five feet of tables in those areas.

As in *Whiffen II, supra*, we conclude here that limiting the number of people seeking signatures to two in each designated common area is an unjustified restriction on defendants' rights under Article IV, section 1, of the Oregon Constitution, because Clackamas Town Center has failed to prove by a preponderance of the evidence that activity by more than two persons seeking signatures on initiative petitions at each designated area would substantially interfere with its commercial enterprise or those of its tenants. For the same reasons, we also conclude that a rule requiring such people to stay within five feet of tables is an unjustified restriction on defendants' same right.

Clackamas Town Center has failed to show that, unless Rules 4 and 12 are enforced, activity by persons seeking signatures on initiative petitions in the designated common areas of the Center would substantially interfere with its commercial enterprise, or with that of its tenants. *See*

*Whiffen II, supra,* 315 Or at 519 (stating the test for determining whether the property owner can establish its right to an injunction to enforce its rules regulating petitioning). Accordingly, the provisions of the circuit court's injunction incorporating Rules 4 and 12 are stricken from the injunction. The remaining provisions of the injunction are affirmed.

The decision of the Court of Appeals and the order of the circuit court are affirmed in part and reversed in part.

**GILLETTE, J.,** dissenting.

I dissent for the reasons set forth in my dissenting opinion in *Lloyd Corporation v. Whiffen,* 315 Or 500, 528-56, 849 P2d 446 (1993).

I wish to note also that the majority opinion in this case provides *no* standards to guide either the shopping mall or trial courts in shaping future "time, place, and manner" restrictions. The majority simply says "no" to two rules of the shopping mall. This is a brave new world that the majority is carving out. The least it could do is provide a map.

Carson, C. J., and Peterson, J., join in this dissenting opinion.